# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN AFFLECK,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE HARVARD CRIMSON, INC.,<br><br>　　　　　　　　Defendant. | Case No. 1:24-cv-10802-AK<br><br>**Leave to file granted on August 2, 2024 (Dkt. 17)**<br><br>ORAL ARGUMENT REQUESTED |

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT THE HARVARD CRIMSON, INC.'S MOTION TO DISMISS THE COMPLAINT

Defendant The Harvard Crimson, Inc. ("Defendant" or "The Crimson") submits this reply memorandum of law pursuant to the Court's August 2, 2024 Order (Dkt. 17) and in further support of its motion to dismiss the Complaint.

## **ARGUMENT**

In his Opposition to The Crimson's Motion to Dismiss (the "Opposition" or "Opp.") (Dkt. 14), Plaintiff Jonathan Affleck ("Plaintiff" or "Affleck") seeks to invent new law, dismiss controlling precedent, and ignore Section 230 of the Communications Decency Act ("Section 230"), which is quite literally the law of the land.  Much of the opposition requires no response. But there are two points worth addressing.

*First*, Affleck urges this Court to disregard *Martillo v. Twitter*, 2021 WL 8999587 (D. Mass. Oct. 15, 2021)—a directly relevant decision from this District that was affirmed by the First Circuit. Opp. at 6.  Affleck simply waves away *Martillo* as failing to "provide compelling caselaw" (without explaining why the caselaw cited in the case is not "compelling") and asserts that Judge Stearns' opinion is based on "judicial discretion" (that this Court should just ignore).  Opp. at 11. Of course, because *Martillo* was affirmed by the First Circuit Court of Appeals, Affleck is actually asking this Court to disregard the First Circuit as well.

Affleck's reason for trying to ignore *Martillo* probably stems from the fact that he is, in fact, plaintiff Joachim Martillo.  *See Martillo v. Twitter*, 21-cv-11119-RGS (D. Mass.), Dkt. 1 ("Martillo Compl.") at ¶ 4[1] ("Joachim Martillo (Joachim, Martillo) is a citizen of the Commonwealth of Massachusetts (USA) and Dorchester resident.  He is also known as . . .

---

[1] The complaint in Martillo is properly subject to this Court's judicial notice.  *See e.g., Kusi v. HSBC Bank USA, Nat'l Ass'n as Tr. for ACE Sec. Corp. Home Equity Loan Tr. Series 2006-FM1*, 2023 WL 4014669, at *3 (D. Mass. Apr. 5, 2023) ("In particular, 'documents on file in federal . . . courts are proper subjects of judicial notice.'").

1

Jonathan Affleck or Atallah Aflaq.")[2]  Affleck/Martillo, having lost the exact same claims he asserts here, Plaintiff now attempts to assert them anew—which he should not be able to do.  *See* Martillo Compl. at ¶¶ 15–16, 75–82; Compl. at ¶¶ 28–34.

Rather, as articulated in the Crimson's opening memorandum of law in support of its motion to dismiss (the "Opening Memorandum or "Opening Mem.") (Dkt. 12), this Court should apply the reasoning in *Martillo* and hold that (i) the Crimson's website is not a public accommodation; (ii) the Crimson is not a common carrier; and (iii) the Crimson's conduct in removing Affleck's posts amounts to "editorial decisions protected by the [Communications Decency Act]."  *Martillo*, 2021 WL 8999587, at *1–2; Opening Mem. at 6–7, 12–13.  In short, the *Martillo* decision precludes Affleck's claims here.

*Second*, Affleck fundamentally misunderstands Section 230.  As an initial matter—contrary to Affleck's assertions—Section 230 unquestionably applies to The Crimson's website and its comments section.[3]  "Congress enacted this statute partially in response to court cases that held internet publishers liable for defamatory statements posted by third parties on message boards maintained by the publishers."  *Jane Doe No. 1 v. Backpage.com, LLC*, 817 F.3d 12, 18 (1st Cir. 2016).  To that end, the CDA "allows website operators to engage in blocking and screening of third-party content, free from liability for such good-faith efforts."  *Id.*; *see also Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1163 (9th Cir. 2008) (en banc) ("Congress sought to immunize the removal of user-generated content, not the creation of content.").  Ultimately, Section 230 was enacted to protect the exact conduct that Affleck

---

[2] For any avoidance of a doubt that these plaintiffs are the same individual, "Martillo" lists the same address and phone number in his complaint as Affleck does in his pleadings for this litigation.  *Compare* Martillo Compl. at ¶ 4 with Compl. at ¶ 9.

[3] Affleck refers repeatedly to The Crimson as a "social medium platform" in his Opposition, despite no such reference in his pleadings.  But the Crimson is not a social media platform.  As alleged in Affleck's Complaint, The Crimson publishes a student newspaper (*see e.g.*, Compl. ¶ 10) that is distributed by print on a daily basis Monday through Friday during the academic year, as well as on its website thecrimson.com.

complains of in his pleadings and Affleck cannot simply wish it away. Section 230 is a complete bar to Affleck's claims and his Complaint should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, and all the reasons set forth in The Crimson's Opening Memorandum, The Crimson respectfully requests that this Court dismiss the Complaint in its entirety with prejudice and for any such other relief as this Court deems just and proper.

Dated: August 6, 2024

                                          Respectfully submitted,

                                          DAVIS WRIGHT TREMAINE LLP

                                          */s/Rachel F. Strom*
                                          Rachel F. Strom (BBO #666319)
                                          Alexandra M. Settelmayer (*pro hac vice* forthcoming)
                                          1251 Avenue of the Americas, 21st Floor
                                          New York, NY 10020
                                          Telephone: (212) 489-8230
                                          rachelstrom@dwt.com
                                          alexandrasettelmayer@dwt.com

                                          *Attorneys for Defendant The Harvard Crimson, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

Dated: August 6, 2024

/s/ *Rachel F. Strom*
Rachel F. Strom