UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN AFFLECK,<br><br>    Plaintiff,<br><br>v.<br><br>THE HARVARD CRIMSON, INC.,<br><br>    Defendant. | Case No. 1:24-cv-10802-AK |

**DEFENDANT THE HARVARD CRIMSON, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

DAVIS WRIGHT TREMAINE LLP
Rachel F. Strom (BBO #666319)
Alexandra M. Settelmayer (admitted *pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
rachelstrom@dwt.com
alexandrasettelmayer@dwt.com

*Attorneys for Defendant*
 *The Harvard Crimson, Inc.*

Defendant The Harvard Crimson, Inc. ("Defendant" or "The Crimson") submits this memorandum of law in opposition to pro se Plaintiff Jonathan Affleck's ("Plaintiff") Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) (the "Motion") (Dkt. 30).

## ARGUMENT

On this Motion, Plaintiff asks this Court to revisit its well-reasoned decision dismissing Plaintiff's action against The Crimson for basic content moderation of its website, but he falls well short of the standard required for reconsideration. *See* Memorandum and Order on Motion to Dismiss for Failure to State a Claim ("Order") (Dkt. 27) at 5–7. Instead, as this Court correctly held, the Crimson's decisions to disable Plaintiff's account and to remove his comments on its website were squarely protected by Section 230 of the Communications Decency Act. Order at 5.

Reconsideration is an "extraordinary remedy" that is "proper in a very limited set of circumstances, such as 'manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law.'" *Id.* (citing *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 n.2 (1st Cir. 2005)). Plaintiff has not identified any manifest errors of law or fact, or any new evidence or law.

Rather, Plaintiff seeks now to relitigate the Court's determination that the Crimson is a not "common carrier," an issue that was fully brief on Plaintiff's original motion.[1] Order at 7. But, "[u]nder Fed. R. Civ. P 59(e), a motion for reconsideration is 'not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected.'" *Mooney v. Fresenius Med. Care Holdings, Inc.,* 2024 WL 3903445, at *3 (D. Mass. Aug. 22, 2024) (citing *Palmer v. Champion Mortg.,* 465 F.3d 24, 30 (1st Cir. 2006)). Specifically, "[t]he motion for reconsideration

---

[1] Plaintiff urges that this Court should accept his allegation that The Crimson is a common carrier as true, urging that it is a factual allegation. Motion at 1. Plaintiff fundamentally misunderstands his own pleadings. Whether The Crimson is a common carrier is instead a legal conclusion, which "is not entitled to credit," as Plaintiff acknowledges in his own Motion. *Id.*

is not an opportunity for a party to improve upon his arguments or try out new arguments; nor is it properly a forum for a party to vent his dissatisfaction with the Court's reasoning." *Stonecrest Managers, Inc. v. Schreffler*, 2023 WL 11826595, at *3 (D. Mass. Apr. 26, 2023) (citing *Davis v. Levine*, 89 F. Supp. 2d 142, 149 (D. Mass. 2000)).  But that is precisely what Plaintiff attempts to do here.  Plaintiff's Motion recycles its previously unsuccessful arguments that The Crimson is a common carrier (*see e.g.*, Dkt. 1 at ¶¶ 10, 16 , Dkt. 14 at 4–10, Dkt. 24), invents new theories of his case (all predicated on the false theory that The Crimson is a common carrier),[2] and introduces inapposite (but not new) case law.[3]  Plaintiff has failed to meet the demanding standard for reconsideration and his Motion should be denied.

Plaintiff also requests leave to amend his Complaint, despite the fact that this action was dismissed with prejudice.  *See Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 241 (1st Cir. 2004) ("in the absence of a clear statement to the contrary, a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is presumed to be with prejudice"); *Ross v. Deutsche Bank Nat'l Tr. Co.*, 2023 WL 8351577, at *1 (1st Cir. Apr. 6, 2023) (same); *Andrews–Clarke v. Lucent Tech.*, *Inc.*, 157 F. Supp. 2d 93, 99 (D. Mass. 2001) ("A dismissal for failure to state a claim is a dismissal on the merits . . . . This type of dismissal, presumed to be with prejudice unless the order explicitly states otherwise, has a claim preclusive effect.").

Indeed, even if that were not the case, Plaintiff's proposed amendments would be futile and do not warrant an amendment.  *See* Dkt. 30-1.  "An amendment is futile if the proposed 'amended complaint could not withstand a 12(b)(6) motion to dismiss.'" *Merchia v. United States*, 2019 WL 2501883, at *2 (D. Mass. June 17, 2019) (citing *McMann v. Selene Fin. LP for*

---

[2] *See* Motion at 1 (alleging that The Crimson breached an "implied-in-fact contract of common carriage"); *Id.* at 8–9 (alleging that The Crimson is a state actor that violated his due process and equal protection rights under the Fourteenth Amendment "in the common carriage service of its comments section").
[3] Plaintiff does not cite to a single factually analogous case from any jurisdiction, much less from the First Circuit.

*Wilmington Sav. Fund Soc'y, FSB*, 332 F. Supp. 3d 481, 487 (D. Mass. 2018)). Here, Plaintiff's additional claim that The Crimson breached an "Implied-In-Fact Contract of Common Carriage" (Dkt. 1 ¶¶ 32–33) rests on false premise that The Crimson is a common carrier. But, this Court already determined that The Crimson is not a common carrier, therefore, this new allegation is equally subject to dismissal. Accordingly, Plaintiff's request for leave to amend should likewise be denied.

## CONCLUSION

For the foregoing reasons, The Crimson respectfully requests that this Court deny Plaintiff's motion for reconsideration and for any such other relief as this Court deems just and proper.

Dated: March 7, 2025

    Respectfully submitted,

    DAVIS WRIGHT TREMAINE LLP

    */s/Rachel F. Strom*
    Rachel F. Strom (BBO #666319)
    Alexandra M. Settelmayer (admitted *pro hac vice*)
    1251 Avenue of the Americas, 21st Floor
    New York, NY 10020
    Telephone: (212) 489-8230
    rachelstrom@dwt.com
    alexandrasettelmayer@dwt.com

    *Attorneys for Defendant The Harvard Crimson, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

Dated: March 7, 2025

/s/ *Rachel F. Strom*
Rachel F. Strom